UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STATE OF MISSOURI, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:19CV546 HEA |
| | ) |
| MELVIN LEROY TYLER, | ) |
| | ) |
| | ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on a motion by defendant Melvin Leroy Tyler titled "Motion for Orders to Compel the Clerk of this Court to Process the Federal Removal Action and for the Court to Retroactively Apply Filing Date." (Docket No. 1). For the reasons discussed below, defendant's motion must be denied, and this action dismissed without prejudice.

**Background**

Defendant is a pro se litigant currently incarcerated in the Jefferson City Correctional Center in Jefferson City, Missouri. According to the Missouri Department of Corrections, he is serving a 185-year sentence.

On August 4, 1978, defendant was convicted of two counts of first-degree robbery by means of a deadly weapon, two counts of assault with intent to commit rape without malice aforethought, and armed criminal action. *State v. Tyler*, 622 S.W.2d 379, 382 (Mo. Ct. App. 1981). He was sentenced to fifty years on each robbery count, five years on each assault count, and fifty years for the armed criminal action count. *Id*. All terms were ordered to be served consecutively. *Id*.

The Missouri Court of Appeals reversed defendant's armed criminal action conviction on the basis of double jeopardy. *Id.* at 387. The judgment was affirmed in all other respects. *Id.*[1] Defendant has since attempted to seek postconviction relief through the state courts, but those attempts have not been successful. *See Tyler v. State*, 18 S.W.2d 117 (Mo. Ct. App. 2000); *State v. Tyler*, 103 S.W.3d 245 (Mo. Ct. App. 2003); *Tyler v. State*, 111 S.W.3d 495 (Mo. Ct. App. 2003); *Tyler v. State*, 229 S.W.3d 103 (Mo. Ct. App. 2007); and *Tyler v. State*, 292 S.W.3d 338 (Mo. Ct. App. 2009).

Defendant also filed a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Tyler v. Armontrout*, 917 F.2d 1138, 1139 (8th Cir. 1990). The district court denied his petition on July 12, 1989. *Id.* at 1140. The Court of Appeals affirmed the denial in all respects. *Id.* at 1143. Defendant has made various other attempts to seek habeas relief in federal court, to no avail. *See Tyler v. Purkett*, 26 F.3d 127, 1994 WL 281821, at *1 (8th Cir. 1994) (unpublished opinion) (noting that instant petition was "not the first habeas petition filed by [defendant] for the purpose of challenging these convictions…It is either the fifth or sixth such petition").

On August 28, 2015, defendant, along with two other inmates, filed a document titled "Petition for Federal Removal" against the State of Missouri. *State of Missouri v. Kniest, et al.*, No. 4:15-cv-1352-HEA (E.D. Mo.). In his petition, defendant alleged that the Missouri court system was an organized criminal enterprise and "corrupt from bottom to top." He stated that pro se litigants could not enforce their rights in any circuit or appellate court in the state. As such, he

---

[1] The Court notes that defendant was also convicted on charges of first-degree robbery, rape, kidnapping, and armed criminal action in Platte County Circuit Court in 1977. *State v. Tyler*, 587 S.W.2d 918, 922 (Mo. Ct. App. 1979). His conviction was affirmed on direct appeal. *Id.* at 934. He filed a federal writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was dismissed for failure to exhaust state remedies. *Tyler v. Wyrick*, 730 F.2d 1209, 1210 (8th Cir. 1984). The dismissal of his habeas petition was affirmed. *Id.* at 1211. Defendant also pursued postconviction remedies in state court, but was unsuccessful. *See Tyler v. State*, 794 S.W.2d 252 (Mo. Ct. App. 1990); *Tyler v. State*, 941 S.W.2d 856 (Mo. Ct. App. 1997); *Tyler v. State*, 994 S.W.2d 50 (Mo. Ct. App. 1999); and *Tyler v. State*, 348 S.W.3d 149 (Mo. Ct. App. 2011). Defendant was later allowed to file a successive federal habeas petition pursuant to § 2254. *Tyler v. Purkett*, 413 F.3d 696, 698 (8th Cir. 2005). However, the Court of Appeals found there was no basis on which to grant habeas relief. *Id.* at 705.

sought to remove *State v. Tyler*, No. 77-232[2] to federal court. On September 22, 2015, this Court denied defendant's petition for removal. In doing so, the Court noted that it was unclear whether defendant's case had ever been removed from state court by the filing of his petition, since the criminal case was closed. Nonetheless, the Court remanded this action back to the St. Louis City Court.

On December 11, 2015, defendant, along with two other inmates, filed a document titled "Petition for Removal of Pending Criminal Cases/Appeals/Motions." *State of Missouri v. Kniest, et al.*, No. 4:15-cv-1849-NCC (E.D. Mo.). In the petition, defendant alleged that the state court had intentionally and maliciously delayed the processing of his pending motion to appeal. He again sought to remove his case, *State v. Tyler*, No. 77-232, to federal court. The district court dismissed defendant's petition on January 4, 2016 due to defendant's failure to pay the filing fee. Defendant appealed the dismissal and the Eighth Circuit Court of Appeals summarily affirmed on June 27, 2016. *State of Missouri v. Kniest, et al.*, No. 16-1314 (8th Cir. 2016).

Despite the case being closed, defendant filed a motion titled "Motion for Specific Orders in Compliance with 28 U.S.C. 1447(c) and to Modify the Order without Prejudice to File a 42 U.S.C. 1983 Suit and Pendent State Claims Forthwith." The motion sought a certified remand order to the Circuit Court of the City of St. Louis. The district court denied the order as frivolous. In explanation, the district court noted that "[t]he state criminal cases were never properly removed to this Court because they were closed long before defendants brought this action." Once again, defendant appealed. The Eighth Circuit Court of Appeals summarily affirmed the district court on September 5, 2017. *State of Missouri v. Kniest, et al.*, No. 17-1704 (8th Cir. 2017).

---

[2] The Court has been unable to locate a case by this number on Case.net, Missouri's online case management system. However, the Court has been able to determine information about defendant's underlying case by viewing both state and federal appellate decisions.

On October 18, 2016, defendant filed a document that was docketed as a writ of habeas corpus but was titled "Federal Removal." *Tyler v. State of Missouri*, No. 4:16-cv-1630-NAB (E.D. Mo.). In the petition, defendant claimed to be a "political prisoner" without any rights, and that "politicians run the show and money buys justice." He further asserted that he was framed; that his witnesses were terrorized; that prosecutors manufactured evidence and used perjured testimony; and that he was factually innocent. Attached to the petition was a "Notice of Criminal Case Removal" in which defendant purported to remove *State v. Tyler*, No. 77-232 and *State v. Tyler*, No. ED40843 (Mo. Ct. App.).[3]

The district court dismissed this action without prejudice on October 25, 2016. In doing so, the district court noted that it did not have jurisdiction to remove a case that has been closed. Defendant appealed the dismissal. However, on February 6, 2017, the Eighth Circuit Court of Appeals denied his application for a certificate of appealability. *Tyler v. State of Missouri*, No. 16-4269 (8th Cir. 2017).

Defendant filed the instant action on March 21, 2019.

**Defendant's Motion**

The motion presently before the Court is titled "Motion for Orders to Compel the Clerk of this Court to Process the Federal Removal Action and for the Court to Retroactively Apply Filing Date." In the motion, defendant states that on July 20, 1978, he filed a timely removal notice on Judge Daniel Tillman and Circuit Attorney Richard Callahan. (Docket No. 1 at 1). He did so by placing the federal removal in the St. Louis City Jail mail, with the postage prepaid. However, he states that the documents were confiscated by the state and held in their custody for years. (Docket No. 1 at 2). Defendant claims that his documents were timely notarized and

---
[3] *State v. Tyler*, No. ED40843 was plaintiff's direct appeal to the Missouri Court of Appeals.

timely file-stamped by state court officials. He therefore moves the Court to maintain jurisdiction and grant his federal removal.

Defendant has attached his July 20, 1978 complaint, which purports to be both a civil and removal action, authorized by 42 U.S.C. § 1983 and 28 U.S.C. § 1443. (Docket No. 1-2 at 2). He identifies himself as the plaintiff in this document, and names Judge Tillman, Prosecutor Callahan, and Circuit Court Clerk George Solomon as defendants. The complaint concerns defendant's criminal charges in *State v. Tyler*, No. 77-232.

Defendant states that in February 1977, he was charged by indictment with two counts of robbery, two counts of assault, and one count of use of a weapon in a crime. (Docket No. 1-2 at 3). His case was assigned to Judge Harold Satz. Defendant states that his disclosures to the State of Missouri included the endorsement of Judge Tillman as a witness. Judge Tillman was endorsed pursuant to defendant's theory that he was being prosecuted due to past lawsuits that he had filed. Defendant also alleged that Judge Tillman had "indirectly" threatened him.

Judge Satz was removed from defendant's case and replaced by Judge Challis. However, defendant states that on July 17, 1978, he had Judge Challis disqualified due to "an outburst" directed against him. At that point, Judge Tillman was assigned to defendant's case.

Defendant objected to the assignment of Judge Tillman to his case because he had endorsed Tillman as a witness. Specifically, defendant alleged that Judge Tillman was biased because defendant had worked on a lawsuit that had "received national publicity about [Judge Tillman] threatening young defendants and forcing them to plead guilty." Defendant further accused Judge Tillman of sending death threats to the state penitentiary. Defendant's protests notwithstanding, Judge Tillman refused to disqualify himself and refused to allow defendant to present evidence concerning Tillman's alleged threats. (Docket No. 1-2 at 4).

5

Defendant further asserts that he was indicted on a charge that was repealed in 1976, but that was maintained against him in order to vex or harass him. Moreover, he contends that there was no evidence to charge him with the armed robbery of Mary Petersen, and that he could not be charged with assault with intent to ravish because of the victim's age. (Docket No. 1-2 at 4-5). Overall, defendant alleged that the actions of Judge Tillman, Prosecutor Callahan, and Clerk Solomon violated his constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments. (Docket No. 1-2 at 5-6).

Defendant seeks monetary damages from Judge Tillman and Prosecutor Callahan. (Docket No. 1-2 at 7). He also requests an order removing *State v. Tyler*, No. 77-232 to the United States District Court for trial.

**Discussion**

In this action, plaintiff seeks removal of his state criminal case to federal court. The complaint attached to his motion also indicates an attempt to recover monetary damages for the alleged violation of his constitutional rights pursuant to 42 U.S.C. § 1983. For the reasons discussed below, the Court will deny his motion for removal and dismiss his § 1983 claims.

A. **Removal**

Generally, removal jurisdiction is limited, and the vindication of a defendant's federal rights is left to the state courts except in rare situations. *City of Greenwood v. Peacock*, 384 U.S. 808, 828 (1966). The statute providing for removal that is implicated in this case provides that:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal rights of

> citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. In order to remove a case under § 1443(1), a defendant must show (1) "that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality" and (2) "that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of the State." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975). Meanwhile, removal under § 1443(2) is only available "to federal officers and to persons assisting such officers in the performance of their official duties." *City of Greenwood*, 384 U.S. at 816.

Neither prong of § 1443 is applicable to defendant's case. First, defendant does not allege that Missouri violated his rights on account of his race. Rather, defendant alleges that Judge Tillman and Prosecutor Callahan violated his constitutional rights by prosecuting him in retaliation for defendant's legal work on a separate case. Thus, § 1443(1) is inapplicable. Second, there is no indication whatsoever that defendant is a federal officer or a person assisting a federal officer in the performance of official duties. Therefore, § 1443(2) is inapplicable.

More fundamentally, defendant cannot remove a case that has already closed. As noted above, defendant was convicted in state court on August 4, 1978. He filed a direct appeal. His convictions for two counts of first-degree robbery by means of a deadly weapon and two counts of assault with intent to commit rape without malice aforethought were affirmed on August 18, 1981. Defendant's motion for rehearing and/or transfer to the Missouri Supreme Court was denied on September 21, 1981, while a subsequent application for transfer was denied November 10, 1981. Thus, there is no pending criminal action to be removed.

This is the fourth attempt by defendant to remove *State v. Tyler*, No. 77-232. This Court denied defendant's first removal action on September 22, 2015. *State of Missouri v. Kniest, et al.*, No. 4:15-cv-1352-HEA (E.D. Mo.). In doing so, the Court noted it was unclear whether defendant had actually removed his action from the state court as the case was technically closed. Nonetheless, the Court remanded the action to state court. The district court dismissed defendant's subsequent attempt at removal for failing to pay the filing fee. *State of Missouri v. Kniest, et al.*, No. 4:15-cv-1849-NCC (E.D. Mo. Jan. 4, 2016). The district court later denied defendant's motion for remand to the state court because his action was never properly removed in the first place. *State of Missouri v. Kniest, et al.*, No. 4:15-cv-1849-NCC (E.D. Mo. Feb. 23, 2017). Defendant's third attempt at removal was dismissed on October 25, 2016. *Tyler v. State of Missouri*, No. 4:16-cv-1630-NAB (E.D. Mo.). In dismissing the action, the district court noted that it had no jurisdiction to remove his case because it was already closed.

Defendant is trying to remove a case in which he has already been convicted, and in which he has already exhausted his direct appeal. Indeed, approximately thirty-seven years have elapsed between the denial of defendant's application to transfer and the filing of the instant action. Moreover, he is trying to remove a case that he has unsuccessfully sought to remove on three prior occasions. For these reasons, defendant's action for removal must be denied. As there is no indication that there is an ongoing criminal case, the matter will not be remanded to state court.

### B. Section 1983 Claims

The complaint attached to defendant's motion purports to be both a removal action and an action pursuant to 42 U.S.C. § 1983 to redress the deprivation of his constitutional rights

under color of state law. To the extent that defendant is currently attempting to bring claims under § 1983, such claims must be dismissed.

In *Heck v. Humphrey*, the Supreme Court faced the issue of whether a state prisoner could challenge the constitutionality of his criminal conviction in a suit for damages under § 1983. 512 U.S. 477, 478 (1994). The Court determined that the plaintiff's § 1983 action for damages was not cognizable. *Id*. at 483. In doing so, the Court noted that a § 1983 action was not the appropriate vehicle for challenging criminal judgments. *Id*. at 486.

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus…A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. at 487-88. Thus, when a state prisoner seeks damages pursuant to § 1983, the district court has to consider whether a judgment for the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id*. at 488. If it would, the district court must dismiss the complaint unless the plaintiff can show that the conviction or sentence has already been invalidated. *Id. See also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (concluding that state prisoner's "claim for declaratory relief and money damages based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); and *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (discussing application of *Heck* rule in § 1983 cases).

Defendant is seeking money damages against Judge Tillman and Prosecutor Callahan for violating his constitutional rights during his state criminal prosecution. A judgment in favor of

9

defendant would "necessarily imply the invalidity of his conviction or sentence." However, despite filing a direct appeal and numerous state and federal postconviction actions, defendant has not established that his conviction or sentence has been invalidated. Therefore, to the extent that defendant is attempting to bring forth § 1983 claims, those claims must be dismissed.

### C. Other Motions

Along with his removal action, defendant has filed a motion for leave to file supplemental records, a motion for leave to file exhibit, and a motion for leave to file supplemental exhibits. (Docket Nos. 5-7). The motions will be denied as moot as defendant's request for removal is being denied and this action dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant's motion for leave to file supplemental records (Docket No. 5), motion for leave to file exhibit (Docket No. 6), and motion for leave to file supplemental exhibits (Docket Nos. 7) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that defendant's action for removal is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 18th day of July 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE